UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

KIMBERLY E. AMICO,

                Plaintiff,


 v.                                                                              Civil Action No._____


CREDIT BUREAU COLLECTION SERVICES, INC.,

                Defendant.

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Kimberly E. Amico, Plaintiff, is a natural person residing in the County of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, Credit Bureau Collection Services, Inc., is a New York State foreign business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant has a registered business address of 6450 Poe Avenue, Suite 301, Dayton, Ohio 45414.

6. Defendant regularly attempts to collect debt alleged to be due to another.

7. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

8. All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred consumer debt in connection with the origination of a Visa Credit Card, which was used primarily for personal, family, or household purposes. As such, the subject debt is a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

10. Subsequent to the origination of the consumer debt, a payment default occurred when the Plaintiff became disabled and unable to work.

11. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

*January 10, 2012 telephone message*

12. On or about January 10, 2012 at approximately 11:24 pm, the Defendant left a telephone message on the answering machine of the Plaintiff's home.

13. Plaintiff's boyfriend, Sid, did, in fact, listen to the message left by the Defendant.

14. The message indicated that the call was from "CBCS" for Kimberly Amico, that the call was "an attempt to collect a debt", and the account number for the subject debt was identified.

15. The presence of said debt was communicated to a third party.

16. The Defendant's violation of the FDCPA caused the Plaintiff great embarrassment, stress, anxiety, and emotional distress.

## CAUSE OF ACTION

17. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. § 1692b(1) by disclosing in third party communications the identity of the Defendant prior to an express request.

    B. Defendant violated 15 U.S.C. § 1692b(2) by disclosing in third party communications that the Plaintiff owes a debt.

    C. Defendant violated 15 U.S.C. § 1692c(b) by communicating with third parties in connection with the collection of a debt.

    D. Defendant violated 15 U.S.C. §§ 1692d(6) by failing to meaningfully disclose the caller's identity as Credit Bureau Collection Services, Inc.

    E. Defendant violated 15 U.S.C. §§ 1692e(14) by failing to identify the true name of the Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.


Dated:  January 13, 2012


                                            s/ Brad J. Davidzik
                                            Brad J. Davidzik, Esq.
                                            Attorney for Plaintiff
                                            Jeffrey Freedman Attorneys at Law
                                            424 Main Street, Suite 622
                                            Buffalo, New York 14202
                                            (716) 856-7091
                                            Email: bdavidzik@jeffreyfreedman.com